IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JAMES E. SUITERS Jr., §
(Tarrant No. 0323934) §
VS. § CIVIL ACTION NO.4:07-CV-582-Y
 §
 §
PDQ TEMPORARIES, Inc. §

## OPINION and ORDER OF DISMISSAL UNDER
## 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

This case is before the Court for review of pro-se inmate and plaintiff James E. Suiters Jr.'s case under the review provisions of 28 U.S.C. § 1915(e)(2)(B). Suiters, an inmate housed in the Tarrant County jail, initiated this suit with the filing of a form civil-rights complaint on October 4, 2007. He names as defendants PDQ Temporaries, Inc., and several persons associated with PDQ Temporaries. (Compl. Style, § V.) Suiters's claim arises from his claim that although PDQ Temporaries assigned him to work as a temporary employee for TexSun Construction, he did not receive the amount of pay owed him for the hours he worked. (Compl. § V.) Suiters seeks to be paid for the hours worked, payment for the days he has been incarcerated, and "$500,000 for mental anguish and stress, depression." (Compl. § VI.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion

---

[1] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Title 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] A district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[3] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[4] After review and consideration of Suiters's claims in this suit, the Court concludes that they must be dismissed under the authority of 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

In order to assert a claim for damages for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of both of its elements: (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the deprivation was imposed by a person acting under color of law.[5] Suiters has failed to satisfy the first element. Suiters has not alleged that defendant PDQ Temporaries or any of the individual defendants violated a constitutional or federal right, and the listed factual allegations do not state such a claim. Also, Suiters has failed to allege facts to show that the defendants acted under color of law with regard to the specific events made the basis

---

[2]*See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3]*See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[4]*Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[5]*See West v. Atkins,* 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development,* 980 F.2d 1043, 1050 (5th Cir.), *cert. denied,* 510 U.S. 820 (1993).

2

of this suit.⁶  Thus, Suiters's claims asserted through 42 U.S.C. § 1983 must be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

In addition to failing to satisfy the elements to pursue a claim under 42 U.S.C. § 1983, the Court determines that Suiters has otherwise failed to properly invoke any basis for this Court to exercise jurisdiction over the subject matter of this case. The general rule is that a federal court obtains jurisdiction over subject matter only if the elements necessary to constitute diversity of citizenship are present under 28 U.S.C. § 1332, or if the cause of action arises under the Constitution, laws or treaties of the United States under 28 U.S.C. § 1331.  Because plaintiff Suiters has not alleged any claim for relief under the Constitution or laws of the United States, he has not invoked the Court's federal-question jurisdiction.  Also, in order to properly invoke diversity jurisdiction, a plaintiff must allege that the amount in controversy exceeds $75,000 and that he is a citizen of one state while the defendants are citizens of another.⁷  Complete diversity of citizenship is required; a district court cannot exercise diversity jurisdiction if the plaintiff shares the same state citizenship as any one of the defendants.⁸  Plaintiff listed a Texas

---

⁶*See Cornish v. Correctional Services Corp., et al.,* 402 F.3d 545, 550 (5ᵗʰ Cir. 2005)(noting that under any of the many tests employed to decide whether a private actor's conduct can be fairly attributable to the State is a "necessarily fact-bound inquiry . . . .") *citing, Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 939 (1982).

⁷*See* 28 U.S.C. § 1332(a)(1)(West 2006).

⁸*See Whalen v. Carter,* 954 F.2d 1087, 1094 (5ᵗʰ Cir. 1992), *citing Strawberry v. Curtiss,* 7 U.S. 267 (1806).

address for himself, and a Mansfield, Texas, address for PDQ Temporaries, Inc. Suiters has not otherwise asserted any facts to support jurisdiction on the basis of diversity of citizenship. Thus, any other claims must be dismissed for lack of subject-matter jurisdiction.

Therefore, all claims under 42 U.S.C. § 1983 are hereby DISMISSED WITH PREJUDICE under authority of 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

To the extent Plaintiff asserts other claims, they are DISMISSED for lack of subject-matter jurisdiction with prejudice to the right to refile in federal court.

SIGNED October 23, 2007.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE